In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00132-CR
_____

THE STATE OF TEXAS, Appellant

V.

JARED EUGENE VICTORIA, Appellee

_____

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 12-281209

_____

MEMORANDUM OPINION

The trial court suppressed evidence from a traffic stop in a DWI case. The State appealed. We affirm.

BACKGROUND

Appellee, Jared Eugene Victoria, was arrested and charged with DWI after he was pulled over by Trooper Cody Cullar pursuant to a traffic stop. Victoria filed a motion to suppress evidence obtained during the traffic stop. Trooper

1

Cullar was the only witness who testified at the hearing. Trooper Cullar testified that he initiated the traffic stop after he observed Victoria's vehicle cross the white fog line and drive onto the improved shoulder. Cullar observed Victoria move onto the shoulder as two on-coming vehicles passed by him. Cullar reasoned that it was not necessary for Victoria to drive onto the improved shoulder to avoid a collision or for any other reason. The video of the stop from Cullar's police dashcam was admitted into evidence and viewed by the trial court.

After hearing the testimony and viewing the video, the trial court granted Victoria's motion to suppress. The trial court entered separate findings of fact and conclusions of law. The State filed a notice of appeal. On appeal, the State argues that the trial court abused its discretion in finding that Victoria did not violate the provisions of section 545.058(a) of the Texas Transportation Code because the evidence established that Victoria's movement onto the improved shoulder was not for one of the seven enumerated reasons for which a person may lawfully do so. *See generally* Tex. Transp. Code Ann. § 545.058(a) (West 2011).

## APPLICABLE LAW & ANALYSIS

An officer may lawfully stop a driver when the officer has probable cause to believe the driver has committed a traffic violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). An officer may also make a lawful traffic stop if

2

he has reasonable suspicion to believe that an individual is violating the law. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). "A police officer has reasonable suspicion to detain if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *Derichsweiler,* 348 S.W.3d at 914. This is an objective standard that disregards an officer's subjective intent, and instead, considers whether the totality of the circumstances provide an objective justifiable basis for the stop. *Id.*; *see also Garcia v. State*, 827 S.W.2d 937, 944-45 (Tex. Crim. App. 1992). Thus, in making a determination regarding whether reasonable suspicion for the stop existed, the pertinent question is whether a reasonable officer in the same situation would believe a crime had been or was being committed. *State v. Duran*, No. PD-0771-12, 2013 WL 1628957, *3 (Tex. Crim. App. Apr. 17, 2013); *see also Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).

In reviewing a trial court's ruling on a motion to suppress, we afford "almost total deference" to the trial court's fact findings that are supported by the record. *Duran*, 2013 WL 1628957, at *3; *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011); *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App.

3

2011).  The same deference applies to a trial court's determination of historical facts based on a videotape recording admitted in evidence. *Duran*, 2013 WL 1628957, at *3; *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006).  In determining whether the trial court's fact findings are supported by the evidence, we view the evidence in the light most favorable to the trial court's ruling.  *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  "The winning side is afforded the 'strongest legitimate view of the evidence' as well as all reasonable inferences that can be derived from it."  *Duran*, 2013 WL 1628957, at *4.  We apply the same deferential standard of review to the trial court's ruling on "'mixed questions of law and fact'" when resolution of those issues turn on an evaluation of credibility and demeanor.  *Amador*, 221 S.W.3d at 673.  We review the trial court's application of the law to the facts *de novo*, and will affirm the trial court's ruling if it is reasonably supported by the record and is correct on any applicable theory of law. *Duran*, 2013 WL 1628957, at *4; *Weaver*, 349 S.W.3d at 525.

Section 545.058(a) of the Texas Transportation Code provides as follows:

(a) An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

(1) to stop, stand, or park;
(2) to accelerate before entering the main traveled lane of traffic;

4

(3) to decelerate before making a right turn;
(4) to pass another vehicle that is slowing or stopped . . . ;
(5) to allow another vehicle traveling faster to pass;
(6) as permitted or required by an official traffic-control device; or
(7) to avoid a collision.

Tex. Transp. Code Ann. § 545.058(a).

The trial court heard Trooper Cullar's testimony and viewed the police dashcam video of the purported traffic violation and subsequent traffic stop. In its findings of fact, the trial court found that "two vehicles approached, eastbound (traveling in the direction of Defendant) in the proper lane of traffic[,]" and "[j]ust as the two vehicles approached and passed Defendant's vehicle, his two passenger side tires appear to cross the white fog []line onto the improved shoulder." The trial court further found, "[o]nce the two vehicles are completely past Defendant, his vehicle returns to the proper lane of traffic and continues in a safe manner[,]" and "[t]he Defendant's action of crossing the fog-line, onto the improved shoulder, appeared to be done out of necessity, safely and perhaps, to avoid a collision." Additionally, the trial court stated in its findings of fact that the time of night, speed limit, and lack of a middle turn lane "all add[ed] to the prudence of [Defendant's] action of easing his vehicle partially onto the shoulder as [the two vehicles] passed."

The trial court made the following conclusions of law:

5

1. Defendant's action of easing his vehicle across the fog line, onto the improved shoulder was not a clear violation of Texas Transportation Code §545.058 as it appears his actions were intentional, calculated to avoid, (or distance himself from) oncoming traffic on a two-lane, divided highway with a posted speed limit of 45 miles per hour.

2. No other violation of any state law, which would have justified stopping Defendant were noted, testified to or visible on the video, introduced in evidence at the hearing.

In its brief, the State emphasizes the trial court's use of the word "perhaps" in its findings that Victoria's crossing the fog line onto the improved shoulder "appeared to be done out of necessity, safely and perhaps, to avoid a collision." But, the Texas Court of Criminal Appeals recently explained that fact findings are not to be "considered piecemeal" but in their totality. *Duran*, 2013 WL 1628957, at *4. The totality of the trial court's findings, based on both Cullar's testimony and the video, support a reasonable conclusion that the trial court disbelieved Cullar's testimony that it was not necessary for Victoria to move onto the improved shoulder to avoid a collision. We must give the appropriate deference to the trial court's fact findings that are supported by the record. *See id*. at * 3-5; *see also Weaver*, 349 S.W.3d at 525.

Based on our review of the record, the trial court reasonably could have concluded that Victoria drove onto the improved shoulder out of necessity and in a safe manner to avoid a collision with the two on-coming vehicles and that it was

6

not reasonable for Trooper Cullar to conclude that the driver committed a traffic violation. Because the record supports the trial judge's findings, we uphold the trial court's ruling granting the motion to suppress.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 29, 2013
Opinion Delivered June 12, 2013
Do not publish

Before McKeithen, C.J., Kreger and Horton, JJ.